**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELMIRA RUFFIN WILCOX,

    Plaintiff,

v.                                            Case No: 8:14-cv-2275-T-30TGW

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion to Implead Third-Party Defendant (Dkt. #9). Plaintiff did not file a response. The Defendant United States of America, (the "United States") moves the Court for leave to implead 830 Central, LLC (c/o Xenia Management Corporation) ("830 Central") as a third party defendant in this case pursuant to 28 U.S.C. §§ 1367 and 1332, Federal Rule of Civil Procedure 14(a) and Middle District of Florida Local Rule 4.03.

*Background*

Plaintiff alleges that she was injured due to "the negligent or wrongful act or omission of an agency of the United States of America, to wit, the Social Security Administration[]" pursuant to the Federal Tort Claims Act. Plaintiff alleges that the Social Security Administration operated and maintained an office located in St. Petersburg, Florida. She alleges that she slipped and fell while walking across the lobby of the building,

and that the Social Security Administration's failure to maintain or inspect the floor and adequately warn her that the floor was wet is the proximate cause of her injuries.

The United States, through its General Services Administration, leases the premises from 830 Central pursuant to two lease agreements on behalf of the Social Security Administration ("SSA") and the Defense Contracting Management Agency ("DCMA"). 830 Central maintains the building's common areas which are open to the public. Therefore, the United States argues, if Plaintiff can establish the United States' liability in this action, then 830 Central is fully liable for all of Plaintiff's injuries.

Both the SSA and DCMA lease (the "Leases") with 830 Central expressly incorporate the Solicitation for Offers form. The form expressly states that "[s]ervices, utilities, and maintenance shall be provided by the Lessor as part of the rental consideration." It further states that the "Lessor shall maintain the leased premises, including outside areas, in a clean condition and shall provide supplies and equipment for the term of the lease." Further, the form provides that the Lessor must "sweep entrances, lobbies and corridors" and "spot sweep" the floors as needed daily. Additionally, the SSA's "Special Requirements for Solicitation" form expressly requires the lessor to "promptly dry, remove or replace damp or wet areas or materials."

*Discussion*

### I. Legal Standard

Rule 14 allows impleader of a third-party "who is or may be liable to [a defending party] for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). The circumstances in which impleader is permissible are limited to those where the liability of the third-party "is

in some way dependent upon the outcome of the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987). Local Rule 4.03(a) states that "[a]ny motion by a defendant for leave to join a third-party defendant pursuant to Rule 14(a), Fed.R.Civ.P., shall be made within six (6) months from the date of service of the moving defendant's answer to the complaint, or at least sixty (60) days prior to a scheduled trial date, whichever first occurs."

Under 28 U.S.C. § 1367(a), a district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution[]" including "claims that involve the joinder or intervention of additional parties."

A district court may exercise supplemental jurisdiction over a claim by the United States against a third party under § 1367(a). *See Santiago v. United States*, 884 F. Supp. 45, 49 (D.P.R. 1995) (citing *United States v. Yellow Cab Co.*, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951) ("Where the U.S. is sued under the [Federal Tort Claims Act], it may, as a third party plaintiff, implead a person who is or may be liable to it for all or part of the claim asserted by the plaintiff against the United States."). *See also Drake Towing Co., Inc. v. Meisner Marine Const. Co.*, 765 F.2d 1060, 1068 (11th Cir. 1985) *abrogation on other grounds recognized by Cranford v. United States,* 466 F.3d 955, 958 (11th Cir. 2006) ("In a case that threatens mutual liability, the defendant [such as the United States] may implead a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account

3

of the same transaction, occurrence, or series of transactions or occurrences.") (Internal quotation marks omitted).

## II. The United States' Motion to Implead

The Motion is timely pursuant to Local Rule 4.03. The United States intends to assert that because 803 Central had a contractual duty to maintain the premises, including cleaning and drying the floors throughout the day, it is liable for any injuries suffered by Plaintiff. This theory of liability is supported by Florida law. *See Suarez v. Gonzalez*, 820 So. 2d 342, 346 (Fla. 4th DCA 2002) ("In Florida, the landlord-tenant relationship imposes a nondelegable duty of care upon a landlord who undertakes to make repairs or improvements for the benefit of a tenant."). *See also Goodman v. Juniper Springs Canoe Rentals & Recreation, Inc.*, 983 F. Supp. 1384, 1388 (M.D. Fla. 1997) ("Under Florida law, the lessee as well as the leaseholder can be held liable for injuries on the premises.") As such, it argues that the Court should permit it to implead 830 Central to promote judicial economy and avoid a multiplicity of actions. The Court agrees. Therefore, the Court concludes that the Motion should be granted.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Implead Third-Party Defendant (Dkt. #9) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of April, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4